JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| THE TORO COMPANY, a Delaware corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>ABR ENTERPRISES, INC., a New York corporation,<br><br>　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:14-CV-00705 JGB(SPx)<br>Hon. Jesus G. Bernal<br><br>[~~PROPOSED~~] ORDER GRANTING CONSENT JUDGMENT, FINAL ORDER, AND PERMANENT INJUNCTION |

　　Pursuant to the stipulation fo the parties and GOOD CAUSE appearing, the Court finds that it has jurisdiction over the subject matter in this dispute and over Plaintiff Toro and Defendant ABR. Toro and ABR admit those allegations of the Complaint necessary for the Court to find jurisdiction, venue, factual basis, and legal basis for entry of this Consent Judgment, Final Order, and Permanent Injunction and for the enforceability of this Consent Judgment, Final Order, and Permanent Injunction.

**PLAINTIFF AND ITS PATENT RIGHTS**

Toro represents that it is the assignee of and owns all right, title, and interest in the issued U.S. Patent Nos. D563,588; D519,662; and 6,981,679 (the "Toro Patents"). The Toro Patents are valid and enforceable in all respects.

**DEFENDANT'S ACTS**

ABR has imported, used, sold and/or offered for sale the following products that Toro has accused of infringing the Toro Patents: El Greco ("El Greco"), Pontormo ("Old Pontormo") and Base-C ("Base-C") (all three such products, the "Accused Products"), photos of which are included in the Complaint.

Toro, through its attorneys, filed the Complaint on April 10, 2014 against ABR alleging that the Accused Products infringe the Toro Patents.

ABR, through its attorneys, filed an Answer and Counterclaim on August 27, 2014 against Toro denying infringement or any wrongdoing and alleging that the Toro Patents are invalid.

Pursuant to the further stipulation of the parties, and further GOOD CAUSE appearing, it is therefore ORDERED and ADJUDGED that, effective May 1, 2015, and continuing thereafter uninterrupted until the corresponding expirations of the Toro Patents or until such time that a court finds the Toro Patents to be invalid and/or unenforceable after all appeals are exhausted:

(A)  Defendant ABR, its officers, directors, principals, agents, employees, successors and assigns, having notice of this Order are enjoined and restrained from (i) making, using, selling, offering for sale or importing into the U.S., and (ii) knowingly permitting others to make, use, sell, offer for sale or import into the U.S., the Old Pontormo and Base-C products.

(B)  Defendant ABR, its officers, directors, principals, agents, employees, successors and assigns, having notice of this Order are responsible for compliance with the injunction set forth in paragraph (A).

(C)   This consent judgment cannot be used in any way against ABR, its officers, directors, principals, agents, employees, successors and assigns in any future dispute concerning products other than Old Pontormo and Base-C between Toro and ABR.

(D)   Plaintiff Toro, its officers, directors, principals, agents, employees, successors and assigns, having notice of this Order are enjoined and restrained from asserting any claim of patent infringement or unfair competition against defendant ABR, or any of its owners, directors, officers, employees or representatives, with respect to defendant's products described in the Covenant Not to Sue contained in the parties' Settlement Agreement, dated April 9, 2015.

~~(E)   Plaintiff Toro, its officers, directors, principals, agents, employees, successors and assigns, having notice of this Order are responsible for compliance with the injunction set forth in paragraph (D).~~

**IT IS SO ORDERED.**

Dated: April 20, 2015

_____
Honorable Jesus G. Bernal
United States District Court Judge